YARRUT, Judge.
Plaintiff-Appellant appeals from a judgment refusing him recovery of $785.51, interest and costs, the amount of a refund Defendant received from the Parish of Jefferson when it revoked an ordinance levying a paving lien against a lot of ground Plaintiff purchased from Defendant-Appellee.
The facts were stipulated between counsel in the district court to the following effect:
On June 19, 1958, the Jefferson Parish Council created a paving lien on the lot of ground, which Plaintiff subsequently purchased from Defendant, by adopting an ap *123 propriate ordinance under the provisions of LSA-R.S. 33:3689.1 to 33:3689.7, inclusive, which lien was duly recorded in the office of the Clerk of Court and Ex-officio Recorder of Mortgages, as required by the statute, to operate as a lien against the lot. At the time of such recordation the lot was owned by Defendant.
On June 23, 1958, Defendant and Plaintiff entered into an agreement to sell and purchase the lot for $12,300, on terms of $375 cash and the ability of purchaser to borrow the balance from any lending agency.
The agreement of sale obligated Defendant (as vendor) to deliver the property free of paving liens. The notarial act of sale between the parties was executed and signed on September 22, 1958. The notary withheld the amount of the paving lien ($785.51) from the vendor’s purchase price, paid Defendant-vendor the difference, remitted the withheld amount to the Parish authorities, and thereby obtained a cancellation of the lien. On January 7, 1959, the Parish Council rescinded the ordinance and assessment, the basis of the paving lien, without the street ever having been paved.
Assuming, arguendo, that Plaintiff agreed to purchase the lot on a paved street, his claim is not for the return of the deposit made by the notary with the Parish authorities, for that deposit was part of the vendor’s purchase price and was made for account of vendor’s obligation to cancel all paving liens. Vendor, or the notary for his account, were alone entitled to receive a refund when the paving lien was can-' celled by the Parish authorities. LSA-C.C. art. 2949.
Plaintiff’s remedy for relief was an action in quanti minoris or redhibition to be instituted within a year, at the latest, commencing from the date of the sale. LSA-C.C. arts. 2534 and 2544.
Since this suit was brought on November 27, 1959, more than one year after the date of the sale on September. 22, 1958, Defendant’s plea of prescription of one year is a bar to Plaintiff’s right to recover.
For the reasons assigned, the judgment of the district court is affirmed; all costs of court to be paid by Plaintiff-Appellant.
Affirmed.